## No. 11,151

### THE STATE OF LOUISIANA vs. JOHN BENNETT, JR.

The grand jury is drawn to serve until discharged by the court, and not for any particular week.

When an indictment is regularly indorsed and presented in open court and filed, it is not necessary that the minutes should set out the indorsements. The statement that on an indictment a trial bill was presented against the defendant for the crime and filed is sufficient.

APPEAL from the Eleventh District Court, Parish of St. Landry Perrault, J.

M. J. Cunningham, Attorney General, and M. J. Cunningham, Jr., for the State, Appellee.

John N. Ogden for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J. The defendant was indicted for murder and convicted of manslaughter and sentenced to imprisonment at hard labor for seven years. He appealed.

He moved to quash the indictment and in arrest of judgment. The motion to quash alleges "that the judicial life of the grand jury that found this bill expired on the last day of the last week by statute of this State, and that any work done and performed by them during this present week is utterly null and void." In his brief the defendant says: "The peculiarity of our jury law under Act 44 of 1877, and the amendments thereto, is that the jury is called for separate weeks and their term of office, or legal existence, is supposed to expire with the week for which they are called. Out of the jury

called for the first week the grand jury is always taken, and although by another part of the jury law it says that the jury thus organized shall constitute the grand jury for that term of court, still by taking the entire law together, giving it the proper interpretation, it would appear that the grand jury of that term were called to perform their labors during the first week of the term.''

Sec. 5 of Act 44 of 1877 provides that not less than fifty days prior to the meeting of any jury term of the District Court, the members of the jury commission shall draw from the general venire box the number of persons required for service at the ensuing term of court; the first fifty names so drawn will compose the grand and petit juries for the first week of court. If in the judgment of the commission additional jurors may be needed, they are authorized to draw in the same manner thirty additional names to serve as petit jurors for each additional week. Section 6 of same act provides that on the first day of any regular jury term of the District Court, and for any called jury term, the judge will select from the list of jurors drawn for the first week a foreman of the grand jury, and the sheriff shall draw from the jury box fifteen names, who, with the foreman, shall constitute the grand jury. The balance of the jurors drawn for the first week shall constitute the petit jury for that week. The act provides that the grand jury so drawn shall serve until discharged by the court. ·

The act provides for the drawing and organization of the grand jury, which is separated from the petit jury drawn for a particular week. The act distinctly and unequivocally says that the grand jury shall serve until discharged by the court. Its existence then is not limited to the first week of court, but may continue until the end of the term.

The motion in arrest of judgment alleges '' that the clerk of court did not state in his minutes the signature of the foreman of the grand jury after the words ''a true bill,'' which it was his duty to do, and which is sacramental to the validity of these proceedings.''

The indictment is indorsed

'' A true bill, November 14, 1892.

''J. J. THOMPSON, *Foreman Grand Jury.*''

And '' filed November 15, 1892.

'' H. E. ESTORGE, *Deputy Clerk.*''

The minutes of the court, same day the indictment was presented and filed, recite that: '' On an indictment filed against John Bennett, Jr., for murder, a true bill.''

There is no complaint that the grand jury did not regularly present the indictment through their foreman in open court. This part of the minutes seems to have been omitted from the record. We presume it was intentionally omitted and only so much brought up as to show the absence of the name of the foreman of the grand jury from the minutes of the court.

The minutes show that a true bill for murder was presented and filed against John Bennett, Jr. There was no reason why the foreman's name should be inserted in the minutes. It was indorsed on the indictment which was filed and identified with the minutes of the day on which it was presented to the court. This was sufficient.

The proceedings in this case, in presenting the bill and recording the finding, were in accordance with the ruling in case of State vs. Morrison, 30 An. 817, and we are inclined to believe that counsel for defendant placed a wrong construction on the language used in part of the opinion.

It says it is " the business and the duty of the grand jury to go into court and through their foreman in open court to present the bill, which is done usually by handing it to the judge. It is the business of the clerk, when the bill is delivered to him by the judge, to state in his minutes the coming of the grand jury into court and presenting the bill in open court, and to record the finding as it is indorsed on the bill with the signature of the foreman." The ·bill in this case was properly indorsed, and when it was filed so as to identify it with the minutes it was in fact the recording of the indorsement on the bill. In the Morrison case referred to there were two grounds for arresting the judgment and setting aside the verdict, an improper indorsement on the bill, and the failure of the record to show that it was presented by the grand jury in open court. In the case at bar the indorsement was regular and the bill was presented in open court. There is no room for any doubt that it had been submitted to the grand jury, acted upon by them, and signed by the foreman in their presence, and presented by the grand jury in open court and filed. The record in the Morrison case, according to the opinion of the court, left these essentials in doubt; "for all that appears," said the court, " this indictment may have been the work of the district attorney and the foreman alone, without ever having been submitted to or acted upon by the grand jury."

Judgment affirmed.